# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Regina L. Griffin
direct dial: 212.589.4276
rgriffin@bakerlaw.com

June 9, 2020

**VIA ECF**

Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

*Re:*   *Picard v. ABN AMRO Bank (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Bank
(Ireland) Limited), et al.,* 20-cv-02586 (CM) (S.D.N.Y.)

Dear Judge McMahon,

        We are counsel to Irving H. Picard (the "Trustee"), as trustee for the substantively
consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities
Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*., and the estate of Bernard L. Madoff in the
above-referenced action against ABN AMRO Bank (Ireland) Ltd. (f/k/a Fortis Prime Fund
Solutions Bank (Ireland) Limited) and ABN AMRO Custodial Services (Ireland) Ltd. (f/k/a
Fortis Prime Fund Solutions Custodial Services (Ireland) Ltd.) (collectively, "Defendants-
Appellees").  I write (i) to update the Court on recent changes in circumstances with respect to
the Defendants-Appellees' Motion Requesting Permission to Appeal pursuant to 28 U.S.C. §
158(d)(2)(A) (*see* Docket Nos. 8, 9 and 10) (the "Motion"), and (ii) in light of those changed
circumstances, to withdraw the Trustee's Response and Consent to Defendants-Appellees'
Motion Requesting Permission to Appeal, dated April 10, 2020 (*see* ECF No. 14).
.
        By way of background, this is an appeal from a final judgment of the United States
Bankruptcy Court for the Southern District of New York that dismissed the Trustee's claims to
recover subsequent transfers from Defendants-Appellees.[1]  Prior to this decision, the Trustee and

---

[1] *See Picard v. ABN AMRO Bank (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Bank (Ireland) Limited), et al.*,
Adv. Pro. No. 10-5355 (SMB), ECF No. 188.

Honorable Colleen McMahon
June 9, 2020
Page 2

defendants in two other actions,[2] each with similar and overlapping facts and issues of law, jointly certified that a direct appeal to the Second Circuit was appropriate.[3]  The Trustee thereafter filed unopposed petitions for a direct appeal with the Circuit in each case and indicated that he would seek to have those appeals heard together because they emanated from a single district court opinion.[4]  Defendants' Motion before this Court sought a direct appeal for the same reasons outlined in those petitions as it, too, emanates from the same district court opinion.

At the time Defendants filed their Motion, the Second Circuit had not yet ruled on the petitions for direct appeal in the Legacy and Citibank matters.  It seemed possible, therefore, that this appeal may be able to be joined with those appeals and heard together by the Second Circuit. For reasons of judicial economy, the Trustee consented to the relief sought in the Motion on April 10.  *See* ECF No. 14.

Since that time, there has been a change in circumstances such that the judicial economy sought by the parties through a direct appeal is no longer attainable.  On April 23, 2020, the Second Circuit granted the petitions for a direct appeal pursuant to 28 U.S.C. § 158(d)(2) in the Citibank and Legacy cases.[5]  Briefing in those cases is now underway, and the Trustee's briefs are due to be filed in the Second Circuit by August 6, 2020.

Consequently, even if the Court *today* granted Defendants-Appellees' Motion, there is no feasible way this appeal could be heard by the Circuit at the same time as the Citibank and Legacy appeals.  Defendants-Appellees would still need to petition the Second Circuit to accept their direct appeal.  28 U.S.C. § 158(d)(2); Fed. R. App. Pro. 5.  It has been the Trustee's experience with petitions for direct appeals in this liquidation that the Second Circuit has taken on average approximately three and a half months to grant unopposed petitions for direct appeals.[6]  Thus, even in the best-case scenario, the Second Circuit likely would not rule on a

---

[2] *See Picard v. Citibank, N.A., et al.*, No. 19-2482 (2d Cir. Dec. 20, 2019), ECF No. 1; *see Picard v. Legacy Capital Ltd.*, No. 19-4283 (2d Cir. Dec. 20, 2019), ECF No. 1.

[3] *See Picard v. Citibank, N.A., et al.*, No. 19-2482, (2d Cir. Apr. 7, 2020) ECF No. 26; *see Picard v. Legacy Capital Ltd.*, No. 19-4283 (2d Cir. Apr. 7, 2020), ECF No. 22.

[4] *See Picard v. Citibank, N.A., et al.* No. 20-1333 (2d Cir. May 28, 2020), ECF No 28; *see Picard v. Legacy Capital Ltd.*, No. 20-1334 (2d Cir. May 27, 2020), ECF No. 29.

[5] *See Picard v. Citibank, N.A., et al.*, No. 19-4282, (2d Cir. Apr. 23, 2020) (ECF No. 29); see *Picard v. Legacy Capital Ltd.*, No. 19-4283 (2d Cir. Apr. 23, 2020) (ECF No. 26).

[6] *Compare* Unopposed Petition of Appellant Irving H. Picard for Permission to Appeal Pursuant to 28 U.S.C. § 158(d)(2)(A), *Picard v. Citibank, N.A.*, No. 19-4282 (2d Cir. filed Dec. 20, 2019), ECF No. 1 with Order, *Picard v. Citibank, N.A.*, No. 19-4282 (2d Cir. filed Apr. 23, 2020), ECF No. 29 (granting leave to appeal directly to Second Circuit 125 days after unopposed request was filed).  Pet. of Appellant Irving H. Picard for Permission to Appeal Pursuant to 28 U.S.C. § 158(d)(2)(A), *Picard v. Banque Lombard Odier & Cie SA*, No. 17-1294 (filed Apr. 28, 2017), ECF No. 1, *with* Order, *Picard v. Banque Lombard Odier & Cie SA*, No. 17-1294 (filed Sept. 27, 2017), ECF No. 389 (granting leave to appeal directly to Second Circuit 152 days after unopposed request was filed); Joint Pet. for Permission to Appeal Under 28 U.S.C. § 158(d)(2), *Pearlman v. Picard*, No. 13-4106 (filed Oct. 24, 2013), ECF No. 1, *with* Order, *Pearlman v. Picard*, No. 13-4106 (filed Jan. 22, 2014), ECF No. 25 (granting leave to appeal

Honorable Colleen McMahon
June 9, 2020
Page 3

petition by Defendants-Appellees for direct appeal until fall.  By that point, the Trustee's
principal briefs in the Citibank and Legacy appeals will have been filed, and it is likely that the
appellees' briefs in those cases, which will be due around November 5, 2020, will have been
filed as well.  Conversely, under that scenario, if the Second Circuit granted Defendant's petition
for a direct appeal—also an unknown—Defendants-Appellees' briefs would not be due until
sometime in 2021.  By that point, the Citibank and Legacy appeals will be fully briefed and the
parties will be preparing for oral argument.

      We have discussed the current circumstances with Defendants' counsel, and advised that
it is the Trustee's view that judicial economy – the very goal both parties have been striving for –
now warrants staying this appeal pending the Second Circuit's resolution of the Citibank and
Legacy appeals.  Counsel for Defendants-Appellees responded by advising that they intend to
move this Court to expedite their motion for a direct appeal.  We had previously informed
counsel for Defendants-Appellees that, if they would not agree to a stay pending the Citibank
and Legacy appeals, the Trustee would promptly move this Court for such relief.  In the interim,
for the reasons set forth herein, the Trustee hereby withdraws his Response and Consent to
Defendants-Appellees' Motion Requesting Permission to Appeal, dated April 10, 2020 (*see* ECF
No. 14).

Respectfully,

/s/ Regina L Griffin
Regina L. Griffin
Partner

Cc:    Counsel for Defendants-Appellees (via ECF)

---

directly to Second Circuit 89 days after joint request was filed); Joint Pet. for Permission to Appeal Under 28 U.S.C.
§ 158(d)(2), *In re: Bernard L. Madoff*, No. 10-974 (2d Cir. filed Apr. 7, 2010), ECF No. 8-1, *with* Order, *In re:*
*Bernard L. Madoff*, No. 10-974 (2d Cir. filed June 16, 2010), ECF No. 68 (granting leave to appeal directly to
Second Circuit 69 days after joint request was filed).