UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                              Debtor.<br><br>_____<br>IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                              Appellant,<br>     -against-<br><br>ABN AMRO BANK (IRELAND) LTD., (F/K/A FORTIS PRIME FUND SOLUTIONS BANK (IRELAND) LIMITED) and<br><br>ABN AMRO CUSTODIAL SERVICES (IRELAND), LTD. (F/K/A FORTIS PRIME FUND SOLUTIONS CUSTODIAL SERVICES (IRELAND) LTD.),<br><br>                              Appellees. | No. 20 Civ. 2586 (CM) |

**ORDER GRANTING DEFENDANT-APPELLEES
ABN AMRO BANK (IRELAND), LTD. AND
ABN AMRO CUSTODIAL SERVICES (IRELAND), LTD.
MOTION FOR LEAVE TO APPEAL PURSUANT TO 28 U.S.C. § 158(D)(2)(A)**

McMahon, C.J.:

Defendant-Appellees ABN AMRO Bank (Ireland) Ltd. and ABN AMRO Custodial Services (Ireland), Ltd. ("Defendants") asked this court to certify a direct appeal to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 158(d)(2)(A). (Dkt. No. 8.) Appellant Irving H. Picard (the "Trustee") joined the Defendants' motion by letter and asked this court to adjourn merits briefing on his appeal. (Dkt. No. 14.)

On April 24, 2020, the Trustee advised this court by letter that the Second Circuit had granted petitions for direct appeal pursuant to 28 U.S.C. § 158(d)(2) in two related cases: *Picard v. Citibank, N.A., et al.*, No. 19-2482 (2d Cir. Dec. 20, 2019), and *Picard v. Legacy Capital Ltd.*, No. 19-4283 (2d Cir. Dec. 20, 2019). (Dkt. No. 15.) The present action, *Citibank*, and *Legacy* involve similar and overlapping facts and issues of law. All three appeals are taken from bankruptcy court dismissals based on a single district court opinion.

This court should have attended to the motion immediately. That it did not do so is regrettable, although explicable, given the difficulty in prioritizing matters at the present time. Nonetheless, it is obvious that the motion would have been granted had I been fully aware of the need for speed, and that it should be granted on the merits.

However, on June 9, 2020, the Trustee suddenly withdrew his consent to Defendants' motion, purportedly due to "recent changes in circumstances" – that the Second Circuit (on April 23, 2020), having granted the petitions for direct appeal in *Citibank* and *Legacy*, has set a briefing schedule. (Dkt. No. 20.) The Trustee believes that the Second Circuit is incapable of acting on a petition for direct appeal in time for joint briefs to be filed on the schedule set for the other two cases. He therefore suggests that this court deny the motion to which it had previously consented – and that it stay AMRO's appeal pending a decision by the Second Circuit in *Citibank* and *Legacy*.

The very fact that the Trustee wants to stay this case to await the Court of Appeals' answer in the other two cases demonstrates that the motion for leave to take a direct appeal should be granted. The Circuit has already indicated that direct appeal from the orders appealed from in all three cases is appropriate; there is absolutely no reason why this case should be treated differently from the other two. The Trustee's newly-developed opposition to the motion is not based on the merits, but simply and solely on the ground that the Second Circuit has set a briefing schedule for

the other two cases. If that presents a problem, the Second Circuit is capable of solving it. I will not allow the Trustee to delay indefinitely the appeal in this case by withdrawing his previously-obtained consent to the present motion.

## CONCLUSION

Therefore, Defendants' motion is GRANTED. I apologize for not attending to this sooner, and urge counsel to contact the court in order to call urgent matters to our attention in these difficult times. The Clerk of Court is directed to close the motions at Dkt. No. 8 and 21.

Dated: June 11, 2020
New York, New York

_____
Chief Judge

BY ECF TO ALL PARTIES

**ADDENDUM**

Just a few minutes ago, as I was completing this decision, the Trustee cross-moved to stay the appeal. (Dkt. No. 22.) The motion is DENIED. The Clerk of Court is directed to close the motion at Dkt. No. 22.

Dated: June 11, 2020
       New York, New York

*[signature]*

Chief Judge

BY ECF TO ALL PARTIES